J-A21032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: MARK E. CAPPER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: MARK E. CAPPER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 293 EDA 2023 |

Appeal from the Order Entered December 22, 2022
In the Court of Common Pleas of Chester County
Criminal Division at CP-15-MD-0003142-2022

BEFORE:    BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 27, 2024**

Mark E. Capper (Appellant) appeals from the order denying his petition to review the Commonwealth's disapproval of his private criminal complaint.[1] We affirm.

The trial court explained:

In October 2022, Appellant presented a private criminal complaint ("Complaint"") to the Chester County District Attorney's Office ("Commonwealth") for approval. Appellant was the affiant on the Complaint. **The summary of facts section in the**

---

[1] Pennsylvania Rule of Criminal Procedure 506 "authorizes private citizens to file criminal complaints against other persons before the appropriate issuing authority. Before doing so, however, the private criminal complaint must first be submitted to an attorney for the Commonwealth for approval or disapproval. If the attorney for the Commonwealth disapproves the filing of the private criminal complaint with the issuing authority, Rule 506 thereafter permits the private complainant to petition the court of common pleas to review the disapproval decision." **In re Ajaj**, 288 A.3d 94, 96 (Pa. 2023) (footnotes omitted).

**Complaint reads in its entirety: "[o]n the morning of May 26, 2022, at approximately 11[:]00, Chester County Sheriff's Corporal Lawson and Deputy Schuibbeo unlawfully removed me from a public meeting in a public venue against my will**."

Appellant claimed, without more, that the behavior was a violation of the Pennsylvania Crimes Code at 18 Pa.C.S. § 5301[, Official Oppression]. [O]n November 7, 2022, the Commonwealth disapproved the Complaint due to "insufficient probable cause." Thereafter, on or about November 22, 2022, Appellant filed his Petition for Review of the Commonwealth's Disapproval of the Complaint citing Pa.R.Crim.P. 506 entitled "Approval of Private Complaints."

… A hearing on the matter was scheduled for December 20, 2022. Appellant argued that on May 26, 2022, while at the Chester County Library in Exton, Pennsylvania, Chester County Sheriff Corporal Lawson and Deputy Schuibbeo unlawfully removed him from a public "town hall" meeting held by United States Representative Chrissy Houlahan. *See* N.T., 12/20/2022, [at] … 5. The Commonwealth responded by reiterating its original position that Appellant's Complaint lacked sufficient probable cause. The Commonwealth argued that an official's knowledge that their conduct is illegal is a statutory requirement of the charge of Official Oppression. *Id.* at 7. The Commonwealth further stated that Appellant's Complaint did not assert sufficient facts to allege that the deputies knew that their actions were illegal. *Id.* at 7-8. [T]herefore, the Commonwealth denied the Complaint.

Appellant, however, pointed out that he submitted a five (5) minute video to the Commonwealth to support his Complaint. Appellant stated that he informed Corporal Lawson that Appellant "could sue [Lawson] personally for what he was doing." *Id.*

Importantly, the Commonwealth did not consider the video when evaluating Appellant's Complaint. *Id.* Yet Appellant asked that this court review the video to determine if the Complaint should have been denied. *Id.* This court declined to review the video because the Commonwealth rejected the Complaint for insufficient probable cause. Stated another way, the Complaint did not contain sufficient material facts to support the allegation of Official Oppression, 18 Pa.C.S. § 5301.

> After the hearing and a review of the relevant case law, this court denied Appellant's petition. This court agreed the Complaint failed to set forth sufficient probable cause for the charge of Official Oppression under 18 Pa.C.S. § 5301.

Trial Court Opinion (TCO), 3/27/23, at 1-3 (emphasis added; some spacing altered).

Appellant proceeded *pro se* before the trial court.[2] Appellant subsequently obtained counsel, who filed Appellant's notice of appeal on January 20, 2023. On February 13, 2023, Appellant filed a counseled, court-ordered "Concise Statement of Issues" pursuant to Pa.R.A.P. 1925(b). Appellant asserted he could not "readily discern the basis for th[e trial c]ourt's decision as the [c]ourt made no statements on the record regarding [Appellant's] appeal, and the Order denying his appeal contained no further information." Rule 1925(b) Statement, 2/13/23, at 1. Appellant continued:

> Therefore, the following statement of errors can be averred only in general terms:
>
> 1. The [c]ourt erred in denying [Appellant's] appeal of the Chester County District Attorney's disapproval of [Appellant's] Private Criminal Complaint.
>
> 2. The [c]ourt erred in failing to conduct the required *de novo* review of the Chester County District Attorney's disapproval of [Appellant's] Private Criminal Complaint.
>
> 3. The [c]ourt erred by failing to accept evidence and testimony from [Appellant], a *pro se* litigant, when he both attempted to offer it and suggested it was necessary.

*Id.* at 1-2.

---

[2] Appellant declined the trial court's offer for additional time to obtain counsel and stated that he wanted to proceed *pro se*. N.T., 12/20/22, at 4.

The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a). Pertinently, the court recognized the Pennsylvania Supreme Court's intervening pronouncement of new law in *In re Ajaj*. *See* TCO at 5.[3] The Supreme Court held that, "when reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional." *Ajaj*, 288 A.3d at 109. *Ajaj* was decided on January 19, 2023. The "general rule is that the decision announcing a new rule of law is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of the changes in the law." *Commonwealth v. Hays*, 218 A.3d 1260, 1264-65 (Pa. 2019). Here, the trial court opined that its pre-*Ajaj* rationale was "sufficient to support its December 22, 2022 Order," but given the "recent change of law … the court [conducted] further analysis … to further support why its December 22, 2022 Order should be affirmed." TCO at 5.

---

[3] "When th[e Pennsylvania Supreme] Court issues a ruling that overrules prior law, expresses a fundamental break from precedent, upon which litigants may have relied, or decides an issue of first impression not clearly foreshadowed by precedent, this Court announces a new rule of law. One of the hallmarks of whether this Court has issued a new rule of law is if the decision overrules, modifies, or limits any previous opinions of this Court." *In re L.J.*, 79 A.3d 1073, 1087 (Pa. 2013) (citations omitted).

On appeal, Appellant deviates from his concise statement in presenting the following issues:

> 1. Where the intervening law changed during the pendency of an appeal of disapproval of a private criminal complaint, and the appellee-complainant [*sic*] was appealing a disapproval for legal reasons and was therefore not required to previously show bad faith, fraud, or unconstitutionality of the district attorney's disapproval, should this Court vacate the trial court's denial of the complainant's appeal to allow him a hearing on the new legal standard?
>
> 2. Where a district attorney denied a complainant's private criminal complaint solely for 'insufficient probable cause', was it an error of law for the trial court to refuse to accept the video evidence a *pro se* complainant attempted to offer to refute that disapproval?
>
> 3. Where the rules require a district attorney to provide all the reasons for disapproval of a private criminal complaint, the district attorney asserts a sole reason—insufficient probable cause—was it error and a violation of the complainant's constitutional due process protections for the [trial c]ourt to hold a hearing on an entirely different issue without giv[ing] the complainant any notice of the purpose of the new hearing—even during the pendency of the hearing itself?

Appellant's Brief at 4-5.

In his first issue, Appellant cites **Ajaj**, and asks us to vacate the trial court's order and remand the case for Appellant to "establish the District Attorney's disapproval was improper under the new standard." **Id.** at 7-8. The Commonwealth argues Appellant waived this issue because his concise statement "made no mention of a change in standard or how the [trial c]ourt's review was a failure." Commonwealth's Brief at 7 (citing Pa.R.A.P. 1925(b)(3)(iv)). We agree.

*Ajaj* was decided on January 19, 2023, but Appellant did not raise or acknowledge the decision in his concise statement filed on February 13, 2023. When the trial court ordered Appellant to file a concise statement, it specifically advised that any issue "not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. No. 1925(b) shall be deemed waived. Attention is directed to Pa.R.A.P. No. 1925(b)(4) which sets forth requirements for the Statement." *See* Order, 1/26/23; *see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) ("In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[.] ... [T]herefore, we look first to the language of that order.") (cleaned up).

It is well-settled that "issues not raised in a Rule 1925(b) statement are deemed waived." *Ruff v. York Hosp.*, 257 A.3d 43, 52 (Pa. Super. 2021) (citing *U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Tr. Fund v. Hua*, 193 A.3d 994, 997 (Pa. Super. 2018); Pa.R.A.P. 1925(b)(4)(vii)). Thus, Appellant waived his first issue invoking *Ajaj*. We nonetheless review Appellant's remaining issues mindful of *Ajaj*'s significance.

In *Ajaj*, the Pennsylvania Supreme Court explained:

While this Court has previously weighed in on the standard of review applicable to a prosecutor's disapproval decision under Rule 506(B), we have not offered any definitive guidance by majority consensus on the subject—except to conclude that "a [court of common pleas] should not interfere with a prosecutor's policy-based decision to disapprove a private [criminal] complaint absent a showing of bad faith, fraud, or unconstitutionality."

- 6 -

Thus, we begin by establishing the standard of review that a court of common pleas must apply when reviewing a prosecutor's disapproval determination. We hold that, when reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. In so holding, we denounce the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision. In addition, for purposes of determining whether the prosecutor's disapproval decision amounted to bad faith, we … hold that bad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or corrupt purpose. We note that the adoption of the foregoing standard of review ensures that a court of common pleas will afford proper deference to the discretionary decision of the prosecutor—a member of the executive branch of the Commonwealth's government.

*Ajaj*, 288 A.3d at 109–10 (citations omitted).

The Supreme Court proceeded to review the merits of the parties' dispute in *Ajaj*. The Court recognized "the trial court could not have applied th[e newly-created] standard of review when it reviewed and overturned the [District Attorney's (DA)] decision disapproving the Complaint." *Id.* at 110. "In the interests of judicial economy, however, rather than remanding the matter to the trial court … to apply the above-stated standard of review," the Supreme Court reviewed "the DA's disapproval decision to determine whether such decision amounted to bad faith, occurred due to fraud, or was unconstitutional." *Id.*

Like the Supreme Court in *Ajaj*, the trial court in Appellant's case "appl[ied] the current standard of review, [and in its opinion,] note[d] that Appellant also failed to demonstrate that the denial of the proposed complaint

'amounted to bad faith, occurred due to fraud, or was unconstitutional.'" TCO at 8.

Mindful of the foregoing, we consider Appellant's two remaining issues. The issues are related; Appellant impugns the DA's determination that his complaint failed to establish probable cause; the trial court's failure to view Appellant's video recording; and the trial court's conclusion that the complaint lacked a "*prima facie* showing." Appellant's Brief at 8-9. Appellant claims:

> [T]he [DA's] disapproval notice and the trial court's hearing did not meet the basic requirements of constitutional due process. [Appellant] was not given a fair opportunity to understand the claims against him. Neither the [DA's] notice nor argument before the court adequately informed him that the *prima facie* showing of his complaint was at issue.
>
> The [DA] was required to notify [Appellant] of the "reasons" for his disapproval. Pa.R.Crim.P. 506(B). It notified him of only one reason—insufficient probable cause—which [Appellant] appealed.
>
> At the hearing, the [DA] continued to assert that one evidentiary basis for disapproval, and [Appellant] attempted to contest that reason by offering evidence to show the adequacy of his probable cause. The [c]ourt refused to accept that evidence.
>
> Instead, the [c]ourt ruled on a different issue—one that was not directly raised by the [DA] in argument or noticed in its disapproval: the *prima facie* showing of [Appellant's] complaint. Every litigant is entitled to a reasonable opportunity to know the claims of his opponent, and [Appellant] was denied this right. It was [Appellant's] (and seemingly the [DA's]) reasonable belief that this issue had been previously settled by [the court], and was not at issue in the hearing.
>
> At no point did either the trial court or the [DA] signal that the question of his *prima facie* showing was at issue in the hearing. However, this is the sole basis for the trial court's denial of [Appellant's] appeal.

As [Appellant] was not given proper notice prior to – or even during – the hearing of the claims actually at issue, this amounts to a violation of his constitutional due process rights, and therefore the [c]ourt's decision should be vacated.

*Id.*

This argument is flawed. Appellant cites no authority for his claim that he was denied due process because the DA and trial court failed to "adequately inform him that the *prima facie* showing of his complaint was at issue." *Id.*; *see also Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 781 (Pa. Super. 2015) (*en banc*) ("When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none.").[4]

The trial court explained that the Commonwealth rejected Appellant's complaint "because of the lack of sufficient evidence or probable cause to make out a *prima faci[e]* case against the deputies." TCO at 8. A private criminal complaint must "set forth a *prima facie* case of criminal conduct." *See Ajaj*, 288 A.3d at 97 (citation omitted). A prosecutor is duty bound to bring only those cases that are appropriate for prosecution. *In re Miles*, 170 A.3d 530, 535 (Pa. Super. 2017) (citation omitted). Further, if a prosecutor "has decided that criminal charges were not warranted[, t]he judicial branch must tread lightly when interfering with that judgment call." *Commonwealth v. Harrison*, --- A.3d ----, 2023 PA Super 244 (filed Nov. 28, 2023).

---

[4] Noting it had advised Appellant he could have a continuance "to obtain counsel," the trial court observed that his "claim now that [he] was somehow disenfranchised because he was acting *pro se* is disingenuous." TCO at 9.

- 9 -

Appellant accused the sheriff deputies of official oppression, which occurs when:

A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa.C.S. § 5301.

Appellant alleged simply that the deputies "unlawfully removed me from a public meeting in a public venue against my will." Complaint, 10/26/22, at 2.[5] Appellant composed his complaint on form AOPC 411A, which the Unified Judicial System provides to the public. The form provides the following prompt:

Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient.

*See* Complaint, 10/26/22, at 2.

On November 7, 2022, Assistant District Attorney (ADA) Madeline Troutman disapproved the complaint. *Id.* In the section designated for "the Attorney for the Commonwealth," she wrote "insufficient probable cause" as the reason for disapproval. *Id.* She also memorialized the disapproval in a

---

[5] According to Appellant, he was "ejected … for having a firearm[.]" Appellant's Brief at 5.

- 10 -

letter to Appellant which stated, the "private criminal complaint you have filed has been disapproved by the [DA's] Office due to insufficient probable cause." Correspondence, 11/9/22.

At the trial court hearing, Appellant acknowledged, "the [DA] states there's insufficient probable cause." N.T., 12/20/22, at 5. Appellant stated:

> I totally don't understand this because I filled the form out that I got from the [DA's] website.
>
> It's filled out in its completion and it states -- the rules clearly state that in a court case a summary of the facts to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need to be cited in the complaint. However, a citation of the statute allegedly violated by itself shall not be sufficient for compliance with this subsection.
>
> Well, I have stated the section, the subsections that were violated.

*Id.* at 5-6.

ADA Kaitlyn Michalek appeared on behalf of the Commonwealth. She stated,

> the crime that is alleged … is official oppression[,] which reads, plainly, that a person acting in official capacity commits the misdemeanor of the second degree if[,] knowing his conduct is illegal[,] he subjects another to arrest, detention, et cetera or denies a person their rights.
>
> As far as [Appellant's] submission goes, there is nothing to allege that the deputies – Corporal Lawson or Deputy Schuibbeo – knew that their actions were illegal or even that their actions were illegal.
>
> It's only two sentences that says - makes the statement that [Appellant] was unlawfully removed without any description of the scenario of the situation or what occurred in order to obtain the removal itself.

So we denied, based on the lack of probable cause and sufficient facts to be able to establish a crime was even committed at all.

*Id.* at 7-8.

Appellant then addressed the trial court:

Now, there's a full five minute video of this event, which I am confident that the [DA's] Office and those deputies have seen, and it states I have told them throughout that video, your Honor, from the second they approached me to the second they ejected me from the library property that they were violating my civil rights and that they were waiving their right to qualified immunity by violating my civil rights.

I notified Corporal Lawson, who can be viewed in the video with me telling him, you know, that he was going to lose his qualified immunity and that I could sue him personally for what he was doing.

*Id.* at 8. Appellant offered the trial court a thumb drive of the video, and advised "it's available on the internet for your perusal." *Id.* at 9. At that point, ADA Michalek stated:

I would just like to put on the record that I … have not seen any video. So this denial was not based on a video or anything of the sort.

The only thing that we look at which is what we are required to look at[,] the factual averments that we received from the private criminal complaint. And here there were no – it's not a matter of whether he submitted evidence. It's a matter of whether or not there w[ere] any facts within this private criminal complaint to substantiate the crime that he's alleging occurred[,] and in the scenario that if his civil rights may have been violated, that's not necessarily a criminal act. I don't have information on that, but as far as the crime that was accused and the facts that were alleged within the private criminal complaint[, that] is what we based [the disapproval] on and that's all we based [the disapproval] on.

- 12 -

So given the circumstance and what we were provided there would be no way for us to approve this based on the standard that a private criminal complaint needs.

*Id.*

The trial court did not view the video, and asked ADA Michalek if the Commonwealth was asserting that "what's alleged doesn't fit the crime of official oppression?" *Id.* at 10. ADA Michalek answered:

Yes, your Honor, absolutely. I mean, the facts that we have available to us were very minimal. Like I said, none of us have seen the video. I certainly have not. So I can certainly speak for myself.

I ha[d] no knowledge of what [Appellant] is referring to in a video until this very moment. So based on the crime itself that's alleged and the facts that are available to us is why we denied it, and that [] a crime [did] not occur[]. That was assessed … by two different [ADAs].

*Id.*

The trial court took the matter under advisement before issuing its order denying Appellant's petition for review on December 22, 2022. Our review reveals no basis for disturbing the order.

Appellant did not demonstrate that the DA's decision to disapprove his complaint "amounted to bad faith, occurred due to fraud, or was unconstitutional." *Ajaj*, 288 A.3d at 110. Conversely, the record supports the trial court's conclusion that "the complaint did not contain enough material facts to establish a case of official oppression as drafted." TCO at 4-5; *id.* at 6 (finding "Appellant failed to set forth sufficient probable cause in the

- 13 -

Complaint to make out a *prima facie* allegation of Official Oppression against the two deputies").

The trial court explained:

In the instant matter, the complaint merely alleges that on May 26, 2022, the aforementioned deputies "unlawfully removed me from a public meeting in a public venue against my will." *Compl.* ¶ 2, 10/22/2022. Appellant asserted no other written facts in the Complaint to support his allegations, not even the name of the public meeting. Simply stated, the allegations as set forth in the proposed Complaint just do not set out a *prima faci[e]* case.

Taking it a step further now as a result of the recent holding in **In re Ajaj, supra**, and applying the current standard of review, it is important to note that Appellant also failed to demonstrate that the denial of the proposed complaint "amounted to bad faith, occurred due to fraud, or was unconstitutional."

Rather[,] in the instant matter, the record reflects that the sole reason the Commonwealth rejected the complaint was because of the lack of sufficient evidence or probable cause to make out a *prima faci[e]* case against the deputies. Appellant did not allege sufficient facts to demonstrate that the two deputies acted in a knowingly illegal manner—a critical element of the alleged crime. Further, Appellant did not allege any facts to demonstrate that the Commonwealth acted in bad faith when disapproving the Appellant's Complaint. Accordingly, the Commonwealth appropriately rejected the Complaint.

*Id.* at 8.

The trial court afforded "proper deference to the discretionary decision of the prosecutor." **Ajaj**, 288 A.3d at 109. Appellant's issues do not merit relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2024